J-S78007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWNETTE PATRICE COOPER | |
| Appellant | No. 1260 MDA 2014 |

Appeal from the Judgment of Sentence April 16, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000903-2013

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 12, 2014**

Appellant, Shawnette Patrice Cooper, appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas, following her jury trial convictions of simple assault and recklessly endangering another person ("REAP").[1]  We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.

Appellant raises one issue for review:

> DID THE TRIAL COURT ERR BY FINDING THAT THERE WAS SUFFICIENT EVIDENCE TO SUPPORT [APPELLANT'S] CONVICTION FOR RECKLESSLY ENDANGERING ANOTHER PERSON?

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2705.

(Appellant's Brief at 7).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Carol L. Van Horn, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed July 9, 2014, at 2-6) (finding: Appellant and minor victim argued over chores, and argument became physical; argument occurred near back door as victim was trying to leave home; Appellant pushed victim away from door and into washing machine; Appellant struck victim with leather studded belt in head and hands, which victim used to cover face; Appellant yelled and cursed during length of quarrel; marks and welts on victim's body were immediately visible after attack; victim testified to pain during attack; after Appellant's assault, victim ran to neighbor's house and neighbor notified police; police arrived and took pictures of victim's injuries, approximately one hour after attack; one of victim's injuries appeared to be result of Appellant's belt buckle, and rest of victim's injuries were consistent with use of belt; victim's neighbor viewed injuries and testified that she saw clear indication victim's injuries were made by belt, with one injury made by metal on belt; Appellant claimed she used belt to discipline victim; Appellant risked serious bodily injury to victim's eyes, nose, ears, or mouth and head trauma when striking victim's head with belt; Appellant acted in conscious disregard of known risk that her attack with belt

could cause victim serious bodily injury, when Appellant continued to strike victim on back, neck, head, and hands (covering face); Commonwealth presented sufficient evidence to establish elements of REAP). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

Commonwealth of Pennsylvania,    :      CRIMINAL ACTION
                      :

vs.                      :      No: 903-2013
                      :

Shawnette Patrice Cooper,     :
        Defendant       :      Honorable Carol L. Van Horn

## STATEMENT OF THE CASE

On March 6, 2014, a jury found the above captioned Defendant, Shawnette Patrice Cooper, guilty of Simple Assault[1] and Recklessly Endangering Another Person.[2] Defendant was sentenced on April 16, 2014 to an aggregate sentence of 18 to 48 months in a State Correctional Institution. Defendant filed a timely Post-Sentence Motion on April 21, 2014 which included a request for a mistrial/new trial arguing that the jury was tainted by a juror who had previous knowledge of the case,[3] and a request of acquittal challenging the sufficiency of the evidence to sustain the verdict of recklessly endangering another person. The Commonwealth filed an Answer on April 28, 2014. A hearing was held on June 30, 2014. The issue is now ripe for decision in this Opinion and Order of Court.

The above-captioned charges arose out of events that transpired on April 29, 2013. The victim, Z.D., was living with the Defendant at the time. He had come home from school, did not complete chores he was instructed to do, and got into an argument with the Defendant. The victim testified that the argument became physical near the back door of the house when he was trying to leave. (N.T., 3/6/2014, p. 20). The Defendant pushed the victim away from the door

---

[1] *See* 18 Pa.C.S. §2701
[2] *See* 18 Pa.C.S. §2705.
[3] Defendant withdrew this issue at the June 30, 2014 hearing.

1

and into the washing machine. *Id.* The Defendant next struck Z.D. with a leather studded belt. *Id.* The victim testified that she struck him in the head and hands as he was covering his face. *Id.* at 20-21. The victim also testified that the Defendant was yelling and cursing the entire time she was hitting him with the belt. *Id.* at 22. The victim had marks and welts on his body that were visible immediately after the attack. *Id.* at 25-26. He testified that the marks hurt when he was being hit. *Id.* at 26.

After the assault, the victim ran over to his neighbor's house and the police were called. The police arrived and took pictures of the victim's injuries approximately one hour after the assault. *Id.* at 36-37. The pictures show injuries on the victim's back, neck, and hand. *Id.* at 37-38; (*See* Commonwealth's Exhibit 1). The police officer who took the pictures testified that one of the injuries appeared to be made by a belt buckle, and others were consistent with being caused by a belt. *Id.* at 37-39, 44 ("I recall exactly seeing a belt buckle on his body.") The victim's neighbor, Lorrie Holloway, viewed the injuries and testified that "it was very clear" they were made by a belt, and one injury was caused by metal on a belt. *Id.* at 48. The Defendant testified that she was disciplining the victim with the belt, but did not beat him with the belt buckle. *Id.* at 59. She said she intended to strike him on his behind, but he was moving around and she struck him on his back by mistake. *Id.* at 60, 71. She also testified that the marks and lacerations on his neck were likely caused by his pet rat. *Id.*

## DISCUSSION

### I. Sufficiency of the Evidence

Defendant moves the Court to enter a Judgment of Acquittal arguing that insufficient evidence was presented to support a finding that she is guilty of recklessly endangering another person. The standard for evaluating sufficiency of the evidence claims is well established:

2

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. McClendon*, 874 A.2d 1223, 1228 (Pa. Super. 2005) (citations omitted); *see also Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011). When applying this standard, the court "may not weigh the evidence and substitute our judgment" for that of the jury. *Commonwealth v. Mack*, 850 A.2d 690, 693 (Pa. Super. 2004) (citations omitted). Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Eckrote*, 12 A.3d 383, 386 (Pa. Super. 2010) (citing *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001)). Importantly, "facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Mack*, 850 A.2d at 693 (citations omitted). However, "guilt must be based on facts and conditions proved," and the evidence is insufficient if guilt is based on "suspicion or surmise." *Eckrote*, 12 A.3d at 386 (citing *Commonwealth v. Swerdlow*, 636 A.2d 1173 (Pa. Super. 1994)). A conviction may be based entirely on circumstantial evidence as long as the "evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Chmiel*, 639 A.2d 9, 11 (Pa. 1994) (citations omitted). Finally, when deciding whether the evidence is sufficient to sustain the verdict, "the entire record must be evaluated and all evidence actually received must be considered." *Mack*, 850 A.2d at 693 (citations omitted). Yet, "the fact finder is free to believe all, part, or none of the evidence presented at trial." *Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011).

3

In support, Defendant argues that her conduct did not place the victim in danger of serious bodily injury, and neither the Defendant nor Z.D. testified that the Defendant hit him with the buckle-end of the belt. Instead, only the police office and the neighbor testified that it looked like Z.D. was hit with a buckle. Defendant asserts that there was no additional lay or medical testimony to confirm the use of a buckle. Nor was there any evidence presented as to serious bodily injury or that hitting with a belt buckle can cause serious bodily injury.

In response, the Commonwealth avers that the victim testified that he believed that the Defendant struck him with the buckle end of the belt and that the police office and Lorrie Holloway viewed the injuries and testified that they also believed the victim was struck with the buckle. The Commonwealth also asserts that it is not required to prove that serious bodily injury was in fact caused and that the evidence showed the victim was struck several times with a belt including around his neck, head, and hands which placed the victim in danger of serious bodily injury.

Preliminarily, the Defendant is correct that the victim never testified that he was struck with the buckle end of the belt. (*See* N.T. 3/6/2014, p. 20-30). Therefore, the Commonwealth's assertion otherwise is unfounded. However, there was still sufficient evidence presented at trial to sustain the conviction for recklessly endangering another person.

A defendant is guilty of the crime of recklessly endangering another person when he or she "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. §2705. "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. The mens rea requirements is a "is a conscious disregard of a known risk of death or great

4

bodily harm to another person." *Commonwealth v. Cottam*, 616 A.2d 988, 1004 (Pa. Super. 1992) (citations omitted). The Commonwealth need not prove that the Defendant actually caused death or serious bodily injury, but merely that the Defendant placed the victim in such danger. *See Commonwealth v. Klein*, 795 A.2d 424, 428 (Pa. Super. 2002). "Acts of commission or omission by parents towards their children may create a substantial risk of death or great bodily injury." *Comonwealth v. Cottam*, 616 A.2d 988, 1004 (Pa. Super. 1992) (citing *Commonwealth v. Howard*, 402 A.2d 674, 676 (Pa. Super. 1979)). Finally, "[t]o sustain a conviction under Section 2705, the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so." *Commonwealth v. Klein*, 795 A.2d 424, 427 (Pa. Super. 2002) (citation omitted).

The Commonwealth presented sufficient evidence that the Defendant struck the victim with the belt near his head and neck. The victim testified that the Defendant struck him in his head while his hands were covering his face, and the pictures show injuries on the victim's neck and hand. Such acts (with or without the buckle) clearly created a substantial risk of serious bodily injury. The victim could have easily been struck in the eyes, nose, ears, or mouth and sustained serious injuries. The Defendant could have also inflicted head trauma with the belt. In fact, such injuries may have resulted had the victim not shielded his face with his hands. As noted above, the Commonwealth need not prove that the Defendant actually caused death or serious bodily injury, but merely that the Defendant placed the victim in such danger.

Additionally, the evidence is sufficient to show that the Defendant acted recklessly by consciously disregarding the known risk that her belt attack could cause the victim serious bodily injury. As she testified, she intended to strike the victim on the behind; however, she continued to strike him as he struggled and moved around. The victim's movements caused the Defendant

5

to miss her target so to speak, and viewing all the evidence in the light most favorable to the Commonwealth shows that she continued the assault despite the fact that she was striking Z.D. on his back, hands (covering his face), neck, and head. The Court finds that the Commonwealth has presented sufficient evidence to establish the crime of recklessly endangering another person beyond a reasonable doubt.

## CONCLUSION

For the abovementioned reasons, the evidence presented at trial was sufficient to sustain the Defendant's conviction for recklessly endangering another person. Pursuant to the attached Order, Defendant's Post-Sentence Motion is denied.

6