J-S30032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEVIN BAUER, | : | |
| | : | |
| Appellant | : | No. 1721 MDA 2016 |

Appeal from the Judgment of Sentence August 31, 2016
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No(s):  CP-35-CR-0000440-2015,
CP-35-CR-0000442-2015

BEFORE:  SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 16, 2017**

Kevin Bauer ("Bauer") appeals from the judgment of sentence imposed following his convictions of two counts each of simple assault and recklessly endangering another person ("REAP"), and one count each of aggravated assault, resisting arrest, disorderly conduct, and accident involving damage to an attended vehicle.  ***See*** 18 Pa.C.S.A. §§ 2701(a), 2705, 2702(a)(3), 5104, 5503(a)(4); 75 Pa.C.S.A. § 3743(a).  We affirm.

The trial court set forth the relevant underlying facts as follows:

On February 20, 2015, [at approximately 3:30 p.m.,] Corporal Thomas McDonald [("Corporal McDonald")], who was off duty, exited a grocery store in Scranton[,] and observed a white male enter a white KIA vehicle with Florida registration[, which was occupied by a black female driver and black male passenger]. Because [Corporal McDonald] was a drug interdiction officer, he had information that a black male driving a white KIA with Florida tags was actively selling narcotics in Scranton.  [Corporal McDonald] watched the KIA drive around the parking lot, and then[,] the white male exited the KIA and entered the passenger seat of an Audi that was parked in the parking lot.  Corporal

McDonald approached the Audi, identified himself as a police officer and displayed his badge. The driver of the Audi, [Bauer], shifted the vehicle into reverse and struck a Subaru that was driving behind him. [Joy Greenwald ("Greenwald") was driving the Subaru.] [Bauer] pulled [the Audi] back into the parking spot and Corporal McDonald opened the passenger door and directed [Bauer] to park and turn the engine off. [Bauer] reversed the vehicle again, causing the passenger door to strike Corporal McDonald[,] [] pinning him between the two vehicles as the Audi again struck [] the Subaru. [Bauer] then pulled out of the parking lot and fled the scene.

[On February 21, 2015, the police located the Audi involved in the incident, and Corporal McDonald subsequently identified Bauer as the driver of the Audi.] On February 24, 2015, the police learned that [Bauer] resided at 700 Davis Street in Scranton, and conducted surveillance of the residence. They observed [Bauer] exiting the residence and directed him to stop and show his hands. [Bauer] ran back into the house. The police entered the residence and were attacked by [a pit bull that Bauer had let loose.] The police arrested [Bauer].

[Bauer was charged under two separate cases: (1) for the acts in the grocery parking lot (no. 15-CR-442), and (2) for the acts at Bauer's home (no. 15-CR-440). Bauer filed various pretrial Motions, which the trial court denied.] On April 18, 2016, following a jury trial, [Bauer] was found guilty of one count of aggravated assault, two counts of [REAP], two counts of simple assault, one count of resisting arrest and one count of accident involving damage to vehicle or property in case no. 15-CR-442. On April 29, 2016, [Bauer] pled guilty to one count of disorderly conduct in case no. 15-CR-440, and in exchange[,] the other charges pending against him were *nolle prossed*. On August 31, 2016, [Bauer] was sentenced to an aggregate [prison] sentence of 39 to 96 months [at both cases.] [Bauer] filed a [M]otion for [R]econsideration of [S]entence[,] which was denied on September 16, 2016. On October 13, 2016, [Bauer] filed a Notice of Appeal of the judgment of sentence to the Superior Court.[1] On October 25, 2016[, the trial] court ordered [Bauer] to file a concise statement of matters complained of on appeal within 21 days[,] pursuant to Pa.R.A.P. 1925(b). On November

---

[1] As the trial court sentenced Bauer under both cases, Bauer filed a single Notice of Appeal, identifying both case numbers.

15, 2016, [Bauer] filed a Statement of Matters Complained of on Appeal.

Trial Court Opinion, 1/4/17, at 1-3 (footnote added).

On appeal, Bauer raises the following questions for our review:

A. Whether the trial court erred when it denied [Bauer's] pre[]trial Motion to dismiss all of the charges filed against him [at no. 15-CR-442] for lack of justification to support the stop by Corporal McDonald?

B. Whether the trial court committed reversible error when it permitted prejudicial testimony by Corporal McDonald concerning drug activity in the area and/or what he thought to be a drug transaction that caused him to approach and detain [Bauer]?

C. Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that [Bauer] committed aggravated assault, simple assault and [REAP] relating to [Corporal] McDonald?

D. Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that [Bauer] committed simple assault and [REAP] relating to [] Greenwald?

E. Whether the trial court was under the mistaken belief that [Bauer] intentionally directed the pit bull dog to attack the arresting officers, therefore imposing a harsh and unreasonable sentence in the aggravated range on the disorderly conduct charge filed [at no. 15-CR-440]?

F. Whether the trial court imposed a harsh and unreasonable sentence on the resisting arrest charge when it failed to run the sentence for this crime concurrent[ly] with the sentences imposed on aggravated assault and [REAP] when all of the offenses involved the same conduct, even though the doctrine of merger does not apply?

G. Whether the trial court imposed a harsh and unreasonable aggregate sentence of 39 to 96 months [in prison]?

Brief for Appellant at 4-5 (some capitalization omitted).

In his first claim, Bauer contends that the trial court erred in denying his pretrial Motion to dismiss the charges against him at no. 15-CR-442 due to the absence of a legal basis to stop Bauer's vehicle. *Id.* at 19. Bauer argues that prior to the stop, Corporal McDonald did not observe any exchange of drugs or money; Bauer did not approach or enter the white KIA; and Bauer was merely a driver of a vehicle in the grocery store parking lot. *Id.* at 24, 27-28; *see also id.* at 25. Bauer further asserts that the stop by Corporal McDonald required more than mere suspicion of illegal activity. *Id.* at 24-25. Bauer claims that he was seized when Corporal McDonald flashed his badge and asked Bauer to turn off the vehicle. *Id.* at 25. Bauer argues that "everything that flowed from the illegal stop should be deemed inadmissible as 'fruit of the poisonous tree[.]'" *Id.* at 28.

> In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Arnold*, 932 A.2d 143, 145 (Pa. Super. 2007) (citation omitted).

"The Fourth Amendment of the Federal Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from

unreasonable searches and seizures." ***Commonwealth v. Walls***, 53 A.3d 889, 892 (Pa. Super. 2012). There are three categories of interactions between police and a citizen:

> The first of these is a "mere encounter" (or request for information)[,] which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention[,]" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

***Commonwealth v. Downey***, 39 A.3d 401, 405 (Pa. Super. 2012) (citation omitted).

> In determining whether an interaction should be considered a mere encounter or an investigative detention, the focus of our inquiry is on whether a seizure of the person has occurred. Within this context, our courts employ the following objective standard to discern whether a person has been seized: [w]hether, under all the circumstances surrounding the incident at issue, a reasonable person would believe he was free to leave. Thus, a seizure does not occur simply because a police officer approaches an individual and asks a few questions.

***Commonwealth v. Cooper***, 994 A.2d 589, 592 (Pa. Super. 2010) (citations, brackets, quotation marks, and ellipses omitted).

At the suppression hearing, Corporal McDonald, a member of the special investigation division of the Scranton Police Department, testified that the police had information that a white KIA, with a Florida license plate and driven by a black male, was selling narcotics out of the vehicle. N.T., 8/17/15, at 4-5. While off-duty and in plain clothes on February 20, 2015,

- 5 -

Corporal McDonald observed a man enter a white KIA in a grocery store parking lot, and watched as the vehicle drove around the parking lot. *Id.* at 6-7. Corporal McDonald then observed the man exit the KIA and enter an Audi. *Id.* at 9. At that point, Corporal McDonald "walked over to the vehicle to just merely encounter the vehicle," displayed his Scranton Police Department identification to the two men in the Audi, and asked to speak to the men. *Id.* at 9, 20. Bauer, the driver, immediately put the Audi in reverse and attempted to leave the parking lot, but slammed into a moving vehicle. *Id.* at 9-10. Bauer then pulled back into the parking spot "at an unsafe speed." *Id.* at 10. Corporal McDonald opened the passenger door, again identified himself as a police officer, and ordered Bauer to put the vehicle in park and turn off the engine. *Id.* Bauer did not respond and instead pulled out of the parking spot, striking Corporal McDonald with the Audi and pinning him between two vehicles. *Id.* Bauer left the parking lot in the Audi. *Id.*

Upon our review of the record, we conclude that Corporal McDonald's initial encounter with Bauer was a "mere encounter." Indeed, Corporal McDonald was in plain clothes, did not make any intimidating movements, did not display a weapon, did not command Bauer to do anything, and did not speak in an authoritative tone. *See Commonwealth v. Au*, 42 A.3d 1002, 1008-09 (Pa. 2012) (holding that the officer's request for identification did not, by itself, transform the encounter into an investigatory

detention where officer did not "activate the emergency lights on his vehicle; position his vehicle so as to block the car that [a]ppellee was seated in from exiting the parking lot; brandish his weapon; make an intimidating movement or overwhelming show of force; make a threat or a command; or speak in an authoritative tone.") (internal citations omitted). Further, the fact that Corporal McDonald flashed his badge and asked to speak to Bauer, without any other action, does not demonstrate that the encounter escalated into an investigative detention. *See Commonwealth v. Beasley*, 761 A.2d 621, 625 (Pa. 2000) (noting that initial encounter where officer displayed his badge and asked to talk to the appellant was a mere encounter). While Bauer claims that Corporal McDonald did not observe any drug activity and was merely acting on a hunch when he approached Bauer's vehicle, Corporal McDonald did not require any level of suspicion to approach the vehicle. *See Commonwealth v. Jones*, 874 A.2d 108, 116 (Pa. Super. 2005) (stating that "[a] mere encounter can be any formal or informal interaction between an officer and a citizen, but will normally be an inquiry by the officer of a citizen. The hallmark of this interaction is that it carries no official compulsion to stop or respond."); *see also Commonwealth v. Lyles*, 97 A.3d 298, 303 (Pa. 2014) (noting that "a seizure does not occur where officers merely approach a person in public and question the individual or request to see identification.").

At the time of Corporal McDonald's second interaction with Bauer, wherein he told Bauer to put the Audi in park and turn off the engine, the "mere encounter" escalated into an investigative detention. *See Commonwealth v. Blair*, 860 A.2d 567, 573 (Pa. Super. 2004) (noting that a mere encounter escalated to an investigative detention when the officer ordered the appellant to remain in the vehicle); *see also Commonwealth v. Strickler*, 757 A.2d 884, 889-90 (Pa. 2000) (stating that where a police officer, either by force or show of authority, has restricted the defendant's movement, an investigative detention has occurred).  However, the facts adduced by Corporal McDonald at the time he told Bauer to place the Audi in park, including Bauer slamming his vehicle into a moving vehicle, established reasonable suspicion to justify the detention. *See Commonwealth v. Farnan*, 55 A.3d 113, 116 (Pa. Super. 2012) (stating that "[i]n Pennsylvania, a police officer has authority to stop a vehicle when he or she has reasonable suspicion that a violation of the Motor Vehicle Code is occurring or has occurred."); *see also Commonwealth v. Chase*, 960 A.2d 108, 120 (Pa. 2008) (holding that "if police can articulate a reasonable suspicion of a Vehicle Code violation, a constitutional inquiry into the officer's motive for stopping the vehicle is unnecessary.").  Accordingly, we conclude that the trial court did not err in denying the pretrial Motion, and Bauer's first claim is without merit.

In his second claim, Bauer contends that the trial court erred in allowing Corporal McDonald to testify regarding drug activity in the area of the grocery store parking lot, a purported drug transaction, and the fact that he obtained information regarding a white KIA from unreliable informants. Brief for Appellant at 28-29. Bauer argues that the testimony regarding drugs prejudiced the jury against him. *Id.* at 29. Bauer also asserts that the cautionary instructions provided by the trial court were insufficient to alleviate the impact of the testimony. *Id.* Bauer claims that the testimony constituted reversible error. *Id.* at 30.

Here, Bauer did not lodge an objection to Corporal McDonald's trial testimony or the cautionary instructions. *See Commonwealth v. Montalvo*, 956 A.2d 926, 936 (Pa. 2008) (noting "the general rule that, in order to preserve a claim on appeal, a party must lodge a timely objection at trial."); *Commonwealth v. Shamsud–Din*, 995 A.2d 1224, 1226 (Pa. Super. 2010) (noting that a failure to object to a jury instruction constitutes a waiver of an error in the instruction). While Bauer objected to Corporal McDonald's testimony regarding the information about the white KIA at the suppression hearing, *see* N.T., 8/17/15, at 5-6, Bauer's claims on appeal are couched in trial court error and thus, are waived for his failure to lodge contemporaneous objections. *See Commonwealth v. May*, 887 A.2d 750, 758 (Pa. 2005) (stating that "[t]o the extent the claims would sound in trial

court error, they are waived due to the absence of contemporaneous objections.").[2]

In his third claim, Bauer contends that the evidence was insufficient to support his convictions of aggravated assault, simple assault, and REAP relating to Corporal McDonald. Brief for Appellant at 30, 33-34. Bauer argues that with regard to the aggravated assault and simple assault convictions, the Commonwealth failed to prove that he committed the crimes with the requisite *mens rea*. *Id.* at 31. Bauer asserts that his initial action of backing the Audi out of the parking spot did not demonstrate the requisite intent. *Id.* at 32. Bauer further claims that the Commonwealth failed to produce evidence that he was aware that Corporal McDonald had opened the

---

[2] In any event, even if Bauer properly preserved his claims, he would not be entitled to relief. Indeed, the trial court noted the following:

> Here, Corporal McDonald's testimony concerning possible drug activity[,] and what he believed to be a drug transaction[,] was offered to explain why he approached [Bauer's] vehicle; it was not offered to prove that [Bauer] was involved in an illegal drug transaction. In fact, [Bauer] was not charged with any drug offenses. [Bauer's] counsel did not object to this testimony, but even if he had, the testimony was admissible to explain the course of conduct taken by Corporal McDonald. Moreover, [the trial] court instructed the jury that this testimony had been permitted for the purpose of understanding why Corporal McDonald acted and how he got involved in this situation, and that there were no drug charges in this case, and that the jury was not to imply that [Bauer] was directly involved with a drug sale. [*See* N.T., 4/18/16, at 31-32.]

Trial Court Opinion, 1/4/17, at 5; *see also Commonwealth v. Chmiel*, 30 A.3d 1111, 1147 (Pa. 2011) (noting that a jury is presumed to follow the instructions given by the trial court).

passenger door, or that Bauer intended to harm Corporal McDonald. *Id.* at 32-33. Bauer also argues that the evidence was insufficient to support his REAP conviction because there was no evidence presented that he had any intent to place Corporal McDonald "in danger of death or serious bodily injury." *Id.* at 34.

Our standard of review is well-settled:

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Sunealitis*, 153 A.3d 414, 419 (Pa. Super. 2016) (citation omitted).

Relevantly, a person is guilty of aggravated assault where he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]" 18 Pa.C.S.A. § 2702(a)(3); *see also id.* § 2702(c)(1) (noting that the officers referred to in subsection (a) include police officers). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." *Id.* § 2301.

- 11 -

A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" *Id.* § 2701(a)(1).

> The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.
>
> To show an attempt to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury. A person acts intentionally with respect to a material element of an offense if it is his conscious object to engage in conduct of that nature or to cause such a result.

*Commonwealth v. Klein*, 795 A.2d 424, 428 (Pa. Super. 2002) (citation, brackets and quotation marks omitted).

Finally, a person is guilty of REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. "The *mens rea* required for the crime of REAP, 'recklessly,' is defined as a conscious disregard of a known risk of death or great bodily harm to another person." *Commonwealth v. A.R.C.*, 150 A.3d 53, 59 (Pa. Super. 2016); *see also Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (noting that acting in a reckless manner requires conscious action or inaction, which creates an unjustifiable and substantial risk of harm).

Corporal McDonald testified that after Bauer had crashed the Audi into Greenwald's vehicle and parked the Audi, Corporal McDonald opened the

passenger door, leaned into the vehicle, made eye contact with Bauer, and ordered Bauer to put the vehicle in park and turn off the engine. N.T., 4/18/16, at 15-16. In response, Bauer backed out of the parking spot at a high rate of speed, causing the passenger door to strike Corporal McDonald and pinning him between Bauer's and Greenwald's vehicles. *Id.* at 16-17. Corporal McDonald suffered minor bruising to his ribs and chest area as a result of the collision. *Id.* at 23.

Viewing the evidence in a light most favorable to the Commonwealth, Bauer was aware that the passenger door was open, Corporal McDonald was standing next to the Audi, and that the Audi would strike Corporal McDonald if Bauer reversed it. Thus, the evidence was sufficient to support the aggravated assault and simple assault convictions as we can infer that Bauer attempted to cause Corporal McDonald bodily injury. *See Klein*, 795 A.2d at 428 (stating that evidence was sufficient to support an attempt to cause bodily injury where appellant hit a voluntary fireman with his vehicle, backed up the vehicle and hit the fireman again before leaving the scene); *Commonwealth v. Marti*, 779 A.2d 1177, 1182 (Pa. Super. 2001) (noting that "a simple assault committed against a police officer in the performance of his duties would satisfy the elements of § 2702(a)(3).") (citation omitted); *see also Commonwealth v. Miller*, 955 A.2d 419, 423 (Pa. Super. 2008) (stating that the evidence was sufficient to support the aggravated assault conviction where appellant drove at a high rate of speed,

disregarded pleas from a police officer to stop, and ignored traffic signals prior to colliding with two vehicles).

Moreover, the evidence was sufficient to support the REAP conviction. Bauer's action of hitting Corporal McDonald with his vehicle was intentional and committed with a conscious disregard of a risk of serious bodily injury. *See Klein*, 795 A.2d at 428 (holding that the evidence that appellant hit the victim with his vehicle two times was sufficient to support a REAP conviction). Based upon the foregoing, Bauer's third claim is without merit.

In his fourth claim, Bauer contends that the evidence was insufficient to support his convictions of simple assault and REAP with regard to Greenwald. Brief for Appellant at 34. Bauer argues that Greenwald did not suffer any bodily injury as a result of Bauer striking her vehicle. *Id.* at 34-35. Bauer asserts that he was involved in an accident with Greenwald, and that the mere striking of another vehicle does not demonstrate criminal intent. *Id.* at 36.

At trial, Corporal McDonald testified that when he initially approached Bauer's Audi, Bauer put the Audi in reverse and immediately struck Greenwald's vehicle. N.T., 4/18/16, at 14-15. Corporal McDonald stated that after Bauer pulled his vehicle back into the parking spot, he opened the passenger door of Bauer's vehicle, and told Bauer to put the vehicle in park and turn off the engine. *Id.* at 15-16. Bauer then put the Audi in reverse

and again struck Greenwald's vehicle, pinning Corporal McDonald between the vehicles. *Id.* at 16-17.

Greenwald testified that while she was waiting to park her vehicle in the parking lot, Bauer's vehicle hit her vehicle "very, very hard, very fast." *Id.* at 51. Greenwald then stated that she saw Corporal McDonald standing next to Bauer's vehicle, and Bauer pulled out of the parking spot and hit her vehicle. *Id.*

Here, Bauer recognized that Greenwald's vehicle was behind his vehicle when he initially backed out of the parking spot and hit Greenwald's vehicle. Based upon Bauer's action of backing out of the parking spot for a second time, despite the position of Greenwald's vehicle, the open passenger door of his own vehicle, and Corporal McDonald's admonishment to put the Audi in park, we can infer that the evidence demonstrated the requisite intent to support the simple assault and REAP convictions. *See Klein*, 795 A.2d at 428 (holding that simple assault and REAP convictions were supported by the evidence where appellant intended to hit the victim with his vehicle two separate times); *see also Miller*, 955 A.2d at 423 (noting that a reckless motorist, who fails to heed pleas to stop his vehicle, acted with malice). While Greenwald did not suffer bodily injuries, neither simple assault nor REAP required such a finding to prove the elements of each crime in this case. *See* 18 Pa.C.S.A. §§ 2705; 2701(a)(1). Based upon the facts of this case, Bauer's fourth claim is without merit.

In his final three claims, Bauer challenges the discretionary aspects of his sentences. *See* Brief for Appellant at 36-40.

"It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." ***Commonwealth v. Mastromino***, 2 A.3d 581, 585 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> \* \* \*

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Bauer filed a timely Notice of Appeal, presented his claim in a Motion for Reconsideration of Sentence, and included a Rule 2119(f) Statement in his appellate brief. Bauer's assertion that the trial court's imposition of consecutive, rather than concurrent sentences, does not raise

a substantial question. ***See id.*** at 171 (stating that challenge to the trial court's discretion to impose sentences consecutively or concurrently does not ordinarily raise a substantial question); ***see also id.*** at 171-72 (noting that "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."). Further, Bauer's bald claim of excessiveness does not raise a substantial question. ***See Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa. Super. 2013) (observing that a bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim).[3]

Nevertheless, even if Bauer had presented a substantial question, we would determine that the sentencing court properly exercised its discretion in imposing the sentence. Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [s]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion.

---

[3] Bauer also asserts that he has raised a substantial question based upon the fact that the trial court misconstrued the evidence underlying the resisting arrest conviction at sentencing, and imposed an excessive sentence. Brief for Appellant at 18. However, Bauer failed to raise this claim in his Rule 1925(b) Concise Statement. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1268-69 (Pa. Super. 2013) (stating that "[i]n order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement.").

- 17 -

An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

**Commonwealth v. Downing**, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

Initially, contrary to Bauer's implication, "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." **Moury**, 992 A.2d at 171 (citation omitted). Here, in imposing sentence,[4] the trial court reviewed a pre-sentencing investigation report. **See** N.T., 8/31/16, at 2, 8. Where the sentencing judge considered a pre-sentencing investigation report, it is presumed that they were aware of the all relevant sentencing factors and weighed all mitigating statutory factors. **See Commonwealth v. Fowler**, 893 A.2d 758, 767 (Pa. Super. 2006); **see also Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (noting that the "sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.") (citation omitted).

---

[4] The trial court imposed standard range sentences for the crimes committed under no. 15-CR-442. **See** N.T., 8/31/16, at 9-11; **see also Moury**, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the sentencing code."). Further, the trial court imposed an aggravated-range sentence for the disorderly conduct conviction under no. 15-CR-440. **See** N.T., 8/31/16, at 11.

Moreover, the trial court considered Bauer's age, family history, prior criminal history, issues with drugs, prior participation in the state intermediate punishment program and a drug treatment center, rehabilitative needs, prior criminal history, and the nature and gravity of the crimes. **See** N.T., 8/31/16, at 3-8.[5] Additionally, it was within the trial court's discretion to impose some sentences concurrently and some sentences consecutively. **See Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011). Based upon the foregoing, Bauer's sentencing claim would fail on the merits, and we discern no abuse of the sentencing court's discretion in imposing the sentence. **See Ventura**, **supra**; **Flower**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017

---

[5] Contrary to Bauer's claim, the trial court acknowledged its mistake as to the underlying facts regarding the resisting arrest conviction. **See** N.T., 8/31/16, at 10-11.