472 A.2d 1389
**COMMONWEALTH of Pennsylvania**
v.
**Gerardo Nieves GONZALEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1984.

Filed March 16, 1984.

372

Gary Spohn Fronheiser, Assistant Public Defender, Boyertown, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Com., appellee.

Before WICKERSHAM, OLSZEWSKI and ROBERTS, JJ.

PER CURIAM:

Appellant was convicted, after a jury trial, of violating § 3742(a) of the Vehicle Code (Accidents Involving Death or Personal Injury),[1] in that he failed to stop his vehicle after being involved in an accident resulting in injury to a person and failed to give information and render aid to the victim. Appellant filed a motion for a new trial and/or arrest of judgment, contending that the verdict was contrary to the law, the evidence, and the weight of evidence, and that the evidence was insufficient to sustain the verdict. Appellant's motion was denied and he was sentenced to a term of imprisonment in Berks County Prison for two (2) to twelve

1. Vehicle Code, Act of June 17, 1976, P.L. 162, § 3742, 75 Pa.C.S.A. § 3742. In order for there to be a violation of § 3742(a), the Commonwealth must prove beyond a reasonable doubt that the alleged victim was injured or died.

(12) months, and ordered to pay a fine, costs and restitution. Appellant then instituted this appeal.

Appellant contends that the evidence presented at trial by the Commonwealth was insufficient to establish his guilt beyond a reasonable doubt. In support of this allegation, appellant claims that the alleged victim suffered no immediate injuries as a consequence of the accident, and that any pain which the alleged victim suffered was due to a pre-existing physical condition.

The test for sufficiency of evidence in a criminal case is whether, viewing all of the evidence admitted at trial in a light most favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Tribble,* 502 Pa. 619, 467 A.2d 1130 (1983); *Commonwealth v. Bastone,* 466 Pa. 548, 353 A.2d 827 (1976).

The question of credibility is left to the jury and the verdict will not be disturbed if the jury determines the evidence is worthy of belief. *Commonwealth v. Smith,* 502 Pa. 600, 467 A.2d 1120 (1983); *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). Furthermore, the mere existence of a conflict in the evidence does not mean the trier of fact was required to resort to speculation. *Commonwealth v. Duncan,* 473 Pa. 62, 373 A.2d 1051 (1977).

The record in this case discloses the following facts:

On December 5, 1979, appellant was involved in an automobile accident with the alleged victim, Miguel Seda. Appellant then drove away without stopping his vehicle to provide the necessary information and to render aid as required by § 3742(a). (N.T. 7)

Shortly thereafter, Mr. Seda was taken by ambulance to Community General Hospital and examined by Dr. Caleb L. Killian, who determined that Mr. Seda was suffering from contusions to the lower back area and that he was experiencing severe pain (N.T. 8, 21–22). While the x-rays taken at the hospital showed no broken bones, Dr. Killian testified

that Mr. Seda's entire left side was bruised and that this injury was of recent origin (N.T. 21–25). Dr. Killian then treated the victim with muscle relaxants and analgesics, discharged him, and instructed him to see his own physician for a follow-up exam (N.T. 22–23).

Appellant contends that the victim's condition was not attributable to the accident, but rather due to a pre-existing physical condition which rendered the victim incapacitated before the accident and unable to work (N.T. 10–12). The record reflects that Dr. Killian was unaware of the victim's previous back troubles and that the victim constantly suffered from back pain prior to this accident (N.T. 10–12, 25). Therefore, appellant contends that the Commonwealth failed to meet its burden of proving beyond a reasonable doubt that an injury resulted from the accident as required by § 3742(a).

The provision of the Vehicle Code under which appellant was convicted provides:

**§ 3742. Accidents involving death or personal injury**
**(a) General rule.**—The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3742.

Unfortunately, § 3742 does not define the term "injury" and there is no applicable case law resolving this matter. Since the legislature did not provide a comprehensive definition of "injury" when it enacted § 3742, it is the opinion of this Court that a "common sense" application of the term be utilized, which carries out the legislative intent and purpose of § 3742.

Section 3742 is a hit-and-run statute, which supersedes 75 P.S. 1027, and is aimed at punishing drivers who attempt to

flee the scene of an accident in which they had been involved without fulfilling their legal duty to stop, give information, and render aid. *Commonwealth Dept. of Transportation v. Stamoolis*, 6 Pa.Commw. 617, 297 A.2d 532 (1972) [interpreting 75 P.S. § 1027 (repealed)]. Section 3742 was intended to deal with a very serious problem—the hit-and-run driver, who is seeking to evade his responsibility. While § 3742 is a "penal" statute and should be strictly construed, it should not be so narrowly and technically construed as to reach an absurd result. *Id.*, 6 Pa.Cmwlth. at 620, 297 A.2d at 534.

The only legal question before this Court is whether the appellant could have been found guilty of violating § 3742. This question is not concerned with the extent of the victim's injury, but rather with whether the victim did in fact suffer *any* injury due to the accident.

Black's Law Dictionary broadly defines "injury" as: "[a]ny wrong or damage done to another, either in his person, rights, reputation, or property." [2] The term "personal injury" is defined as: "[i]n a narrow sense, a hurt or damage done to a man's *person*, such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property or reputation." *Id.* at 707.

In light of the purpose and intent of § 3742, it is the opinion of this Court that the term "injury" should be broadly defined. Applying a narrow construction of this term would otherwise enable hit-and-run drivers to use a legal technicality as a means of evading their responsibility under § 3742. This result would clearly defeat the purpose and intent of § 3742.

Applying the above definition of "injury" to the instant case, this Court has reviewed the record and is satisfied that the jury could reasonably have concluded that the victim, Miguel Seda, suffered an injury as a result of the accident in which the appellant failed to stop, give information, and render aid. Judge Eshelman provided the jury with the following instructions:

2. BLACK'S LAW DICTIONARY 706 (5th Ed.1979).

"It is your duty to decide whether or not the alleged victim, Miguel Seda, was injured in the collision. You may find that Mr. Seda was injured if you are satisfied, beyond a reasonable doubt, that Mr. Seda suffered contusions or muscular strains, however slight, as a result of a collision. The fact that a collision compounded or worsened a pre-existing injury is not important. That is, you may find that Mr. Seda was injured in the accident, even though there is evidence that he had a pre-existing injury, if you are satisfied, beyond a reasonable doubt, that he suffered additional injury, however slight, as a result of the collision." (N.T. 86–87)

The above jury instructions were adequate since the term "injury" is such a widely used word that the average juror would have had no problem understanding its meaning.

In the instant case, the Commonwealth presented testimony to establish that appellant was involved in an automobile accident in which the victim was injured. Viewing all of the evidence in a light most favorable to the Commonwealth, it is the conclusion of this Court that there was sufficient evidence to enable the jury to find that the victim was injured and that appellant was guilty of violating § 3742.

Judgment of sentence affirmed.