J-S50007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CATRINA HILL | |
| Appellant | No. 2531 EDA 2016 |

Appeal from the Judgment of Sentence August 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002533-2016

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 12, 2017**

The trial court found Appellant, Catrina Hill, guilty of simple assault arising from allegations that she punched Cheri Reeder in the eye. She was sentenced to 15 months' probation.

In this appeal, Hill's court-appointed counsel, Emily Mirsky, Esquire, seeks permission to withdraw as counsel. As such, she has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm the judgment of sentence and grant Attorney Mirsky permission to withdraw.

Attorney Mirsky has complied with the mandated procedure for withdrawing as counsel. ***See Santiago***, 978 A.2d at 361 (articulating ***Anders*** requirements); ***Commonwealth v. Daniels***, 999 A.2d 590, 594

(Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Hill has not filed a response to counsel's petition to withdraw.

Attorney Mirsky has identified one issue that Hill believes entitles her to relief. Hill wishes to argue that the evidence at trial was insufficient to support her conviction for simple assault. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See id**. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted).

A person is guilty of simple assault if she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). The Commonwealth may meet its burden for this crime by establishing merely that the defendant intended to cause bodily injury; proof of actual bodily injury is not required. *See Commonwealth v. Klein*, 795 A.2d 424, 428 (Pa. Super. 2002). "This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." *Commonwealth v. Richardson*, 636 A.2d 1195, 1196 (Pa. Super. 1994) (citation omitted). Evidence that the defendant punched another person in the face is sufficient to support a finding that the defendant intended to cause bodily injury. *See id*., at 1196-1197.

Here, Reeder testified that Hill punched her, with a closed fist, in the eye. *See* N.T., Bench Trial, 8/1/16, at 9. This evidence was sufficient to sustain Hill's conviction for simple assault.

It is clear from the record that Hill's version of events contradicts Reeder's in significant ways. However, the trial court found Reeder's testimony credible, and we will not re-assess credibility on appeal. This issue is wholly frivolous.

After an independent review of the record, we agree with Attorney Mirsky that Hill's appeal is frivolous. We therefore grant Attorney Mirsky permission to withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed. Permission to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2017