J-S11034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE SAMPSON, | : | |
| | : | |
| Appellant | : | No. 3499 EDA 2015 |

Appeal from the Judgment of Sentence November 9, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0008850-2014

BEFORE: OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 17, 2018**

Terrance Sampson ("Sampson") appeals from the judgment of sentence imposed following his conviction of simple assault.[1] We affirm.

On May 2, 2014, Officers Joseph Simpson ("Officer Simpson") and Christopher Binns ("Officer Binns") of the Philadelphia Police Department were on patrol when Sampson, in his vehicle, passed the officers. Officer Simpson observed Sampson's vehicle weaving in and out of traffic without a turn signal. As a result, Officer Simpson activated his vehicle's emergency lights to conduct a traffic stop.

Officer Simpson approached Sampson's vehicle and asked Sampson to produce his driver's license and registration. Officer Simpson returned to his vehicle and entered Sampson's information into the Bureau of Motor Vehicles ("BMV") database, which revealed that Sampson's driver's license was

---

[1] *See* 18 Pa.C.S.A. § 2701(a).

suspended. Officer Simpson returned to Sampson's vehicle and asked Sampson's wife, the only other adult in the vehicle, for her driver's license. After receiving her driver's license, Officer Simpson returned to the police vehicle to run her information through the BMV, while Officer Binns remained beside Sampson's vehicle.

At some point while Officer Simpson was processing the driver's license, Sampson took his keys and exited his vehicle, and walked along the side of the road, away from the vehicle. Shortly thereafter, Sampson began walking back towards the vehicle at a fast pace. Fearful that Sampson intended to flee the traffic stop in his vehicle, Officer Binns attempted to prevent Sampson from re-entering the vehicle. At the same time, Officer Simpson exited the police vehicle in order to assist Officer Binns. However, Sampson eluded Officer Binns, and was able to get into the driver's seat. Sampson advised the officers that he did not intend to flee, but at the same time was reaching for his keys and moving them towards the ignition of his vehicle. Believing that Sampson intended to start the car, and possibly flee, Officer Simpson reached into the vehicle and attempted to remove the keys from Sampson's hand. Sampson yelled "[g]et the fuck off me, bitch! Fuck y'all, man!" and drove away. As the vehicle drove away, Officer Simpson, who still had his right arm in the vehicle, was struck in the arm by the B-pillar of the vehicle, fell onto and slid across the side of the vehicle, and fell onto the ground. Officer Simpson suffered minor bumps and bruises as a result of the incident.

After a bench trial, Sampson was convicted of simple assault. Sampson filed a timely Post-Sentence Motion addressing the sufficiency and weight of the evidence, which was denied. The trial court sentenced Sampson to a prison term of 6 to 12 months. Sampson filed a timely Notice of Appeal, but failed to file a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal. On appeal, this Court held that Sampson's counsel was ineffective for failing to file a concise statement, and remanded for Sampson to file a concise statement *nunc pro tunc*. **See Commonwealth v. Sampson**, 3499 EDA 2015 (Pa. Super. 2017) (judgment order). Thereafter, Sampson filed a timely Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Sampson raises the following questions for our review:

I. Whether the evidence was sufficient as a matter of law to convict [Sampson] of simple assault. (18 Pa.C.S.[A.] § 2701(a))[?]

II. Whether the verdict was against the weight of the evidence[?]

Brief for Appellant at 5 (capitalization omitted).

In his first claim, Sampson alleges that the evidence was insufficient to support his simple assault conviction. *Id.* at 11-13. Sampson argues that the evidence did not establish that he "intentionally, knowingly, or recklessly injured Officer Simpson." *Id.* at 11, 12. Sampson asserts that there was no evidence demonstrating that he was aware of Officer Simpson's arm inside the vehicle. *Id.* at 12-13.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

In order to sustain a conviction under 18 Pa.C.S.A. § 2701(a)(1), the Commonwealth must prove that the defendant "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1).

> The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.

> To show an attempt to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury. A person acts intentionally with respect to a material element of an offense

- 4 -

if it is his conscious object to engage in conduct of that nature or to cause such a result.

**Commonwealth v. Klein**, 795 A.2d 424, 428 (Pa. Super. 2002) (citations, brackets, and quotation marks omitted).

Here, Officer Simpson testified that as he was reaching into Sampson's vehicle, Sampson started the vehicle and drove away, striking Officer Simpson with the B-pillar of the vehicle and knocking him to the ground. N.T., 7/1/15, at 20-21. Video evidence of the incident supports Officer Simpson's claims, and further shows that Sampson yelled "get the fuck off me, bitch!" and "[f]uck y'all, man!," as Sampson drove off, with his driver-side door open, aware that Officer Simpson still had his arm in the vehicle, striking Officer Simpson with the vehicle. Exhibit C-5; N.T., 7/1/15, at 64, 67, 69.

Upon our review of the evidence, viewed in a light most favorable to the Commonwealth, we can infer that Sampson's action of driving away from a stop, while aware that Officer Simpson was partially inside of the vehicle, and while yelling "get the fuck off me, bitch! Fuck y'all, man!" demonstrated an attempt to cause Officer Simpson bodily injury. **See Klein**, 795 A.2d at 428 (stating that evidence was sufficient to support an attempt to cause bodily injury where appellant struck a volunteer fireman with his vehicle, backed the vehicle up, and hit the fireman again before leaving the scene). Thus, Sampson's first claim is without merit.

In his second claim, Sampson argues that the verdict was against the weight of the evidence. Brief for Appellant at 13. Specifically, he claims that

- 5 -

the Commonwealth "presented scant evidence as to the charge of [s]imple [a]ssault," and did not produce any evidence "by which the [t]rial [c]ourt could reasonably infer that [Sampson] intended to cause bodily injury." *Id.* at 14.

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

Here, the trial court found the testimony of Officer Simpson credible. *See* Trial Court Opinion, 8/8/17, at 8. Because the evidence supports the trial court's verdict, we conclude that the trial court did not abuse its discretion in denying Sampson's weight of the evidence claim. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (stating that "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make

any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/18