J-S80034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :        PENNSYLVANIA
                                          :
             v.                        :
                                          :
                                          :
MARQUIS THOMAS                 :
                                          :
            Appellant              :       No. 3155 EDA 2017

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003032-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

CONCURRING AND DISSENTING STATEMENT BY BOWES, J.: **FILED MARCH 11, 2019**

I agree with my learned colleagues that Appellant is not entitled to relief on his sufficiency and weight of the evidence claims, and that the trial court erred by sentencing Appellant to life imprisonment for his conviction of conspiracy to commit murder.  However, I do not believe that a remand for resentencing is necessary.

It is well-established that where a case requires a correction of sentence, this Court has the option to remand it for resentencing or amend it directly, as long as amendment does not result in an increased term for which the person is being sentenced.  ***Commonwealth v. Martinez***, 153 A.3d 1025, 1032 (Pa.Super. 2016); ***Commonwealth v. Klein***, 795 A.2d 424, 430-31 (Pa.Super. 2002); ***see also*** Commonwealth's brief at 18.  The sentence

for conspiracy to commit murder runs concurrently with the life sentence imposed at the first-degree murder conviction. Hence, the aggregate sentence would not be changed by our amendment of Appellant's sentence to conform to statutory requirements. As we would not upset the overall sentencing scheme by correcting Appellant's sentence, a remand is a waste of judicial resources. **Commonwealth v. Thur**, 906 A.2d 552, 570 (Pa.Super. 2006) (If our decision does not alter the overall scheme, there is no need for remand.). Accordingly, I would forego remand and amend the sentence of conspiracy to commit murder from life to the lawful maximum sentence of twenty to forty years of imprisonment. 18 Pa.C.S. § 1102(c).