J-S13037-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY (JR.) WILLIAM NICHOLSON | : | |
| | : | |
| Appellant | : | No. 1361 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 10, 2018
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002100-2017

BEFORE:    BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:              FILED MAY 21, 2019

Timothy (Jr.) William Nicholson (Appellant) appeals from the judgment of sentence imposed following his convictions for endangering the welfare of a child (EWOC), simple assault, and harassment. Upon review, we affirm.

In September 2017, a criminal complaint was filed against Appellant, charging him with, inter alia, the abovementioned crimes.  These charges arose from a domestic violence incident between Appellant and his then-girlfriend, K.B.  Eventually, Appellant proceeded to a jury trial.  We begin with a summary of the facts presented at Appellant's trial.

K.B. testified that in September 2017 she was living with Appellant and their one-year-old daughter, K.N. (Child), in a trailer on property owned by Appellant's mother.  N.T., 9/5/2018, at 16-17. K.B. testified that on September 14, 2017, she and Appellant were outside of Appellant's trailer,

*Retired Senior Judge assigned to the Superior Court.

located approximately 50 feet from a trailer owned by Appellant's mother, arguing about Child's first birthday party. Id. at 18, 39, 45. At the time, K.B. was holding Child in her arms. Id. at 19. Specifically, Child was awake and on K.B.'s left hip. Id. K.B. testified that at some point during the argument, Appellant "smacked" K.B. in the face. Id. K.B. then entered the trailer to gather some belongings and told Appellant that she was going to have her father come pick her up. Id. at 20.

K.B. testified that Appellant did not want her to leave and followed her into the trailer. Id. According to K.B., while she was still holding Child, Appellant came up from behind, put his arm around K.B.'s neck and "squeezed" until she passed out. Id. at 20-21. K.B. did not remember falling but woke up on the ground next to Child, who was crying. Id. at 21. K.B. picked up Child and went outside to call her parents. Id. While outside, K.B. encountered Appellant who "said he was scared, he did[ not] know what to do and he was sorry." Id. at 23. K.B. spoke with her sister and father and "told them to come get [her] and to call the cops." Id. K.B. testified that she brought Child to the hospital because there was a "bump on her head and [] red marks on the" left side of her head. Id. at 24. At the hospital, Child was diagnosed with a "fractured bone in her shoulder."[1]

---

[1] This was confirmed by Dr. Mark Douglas Hilborn, a diagnostic radiologist at Connellsville Hospital. Dr. Hilborn testified at Appellant's trial that Child presented at the hospital with a fractured clavicle. Id. at 10-11. Dr. Hilborn opined that traditionally, this type of fracture occurs from a fall and that the resulting injury would cause an individual to be in severe pain. Id. at 12-13.

Id. at 25. In addition to Child's injuries, K.B. suffered "brush burns" and was bleeding. Id. On cross-examination, K.B. admitted that she takes Suboxone, but testified that she was not using drugs on the day of the altercation. Id. at 29.

Next, Corporal Thomas J. Ulintz of the Pennsylvania State Police testified that he received a dispatch call and arrived to the scene shortly thereafter. Id. at 32. Corporal Ulintz testified that when he arrived he observed K.B., Appellant, and members of each of their respective families arguing and shouting with one another, while K.B. was attempting to remove items from the trailer. Id. at 32-33. Corporal Ulintz also witnessed K.B. with "cuts or brush burns to both hands and wrists" and minor bleeding. Id. at 33. Corporal Ulintz observed that Child was crying and had "a pretty sizeable lump for that age of child" on the back of her head. Id. Corporal Ulintz testified that he took statements from the parties and let K.B. leave the scene to take Child to the hospital. Id. at 34-35.

The defense called Appellant's "mother and sister to testify. They testified that [Appellant] was in his mother's trailer, which is right next to his trailer, at the time the incident happened." Trial Court Opinion, 11/1/2018, at 8. During her direct testimony, Appellant's mother testified that she believed Child fell down the stairs of Appellant's trailer while in K.B.'s care. N.T., 9/5/2018, at 39.

Following trial, Appellant was convicted of the aforementioned crimes, and on September 10, 2018, the trial court sentenced Appellant to an aggregate 12 to 24 months of incarceration plus costs and fines. Appellant did not file a post-sentence motion. This timely-filed appeal followed.[2] On appeal, Appellant challenges the sufficiency of the evidence to sustain his EWOC and simple assault convictions.[3] Appellant's Brief at 4.

Before we address the merits of Appellant's issues, we must determine whether he preserved them for appeal. In his Rule 1925(b) statement, Appellant fails to specify precisely which elements of the crimes the Commonwealth failed to prove. In its opinion to this Court, the trial court, while ultimately addressing the merits of Appellant's claims, opined that the lack of specificity in Appellant's concise statement should result in waiver of his issues on appeal. Trial Court Opinion, 11/5/2018, at 2-3.

This Court has repeatedly required an appellant to specify in the Rule 1925(b) statement the particular element or elements upon which the evidence was insufficient.

> An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal. [A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional

---

[2] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

[3] Appellant does not challenge his harassment conviction.

equivalent of no [c]oncise [s]tatement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

Commonwealth v. Hansley, 24 A.3d 410, 415 (Pa. Super. 2011) appeal denied, 32 A.3d 1275 (Pa. 2011) (internal citations and quotations omitted). Based upon this Court's desire to apply Rule 1925 in a "predictable, uniform fashion," this Court has determined that waiver applies even where, as here, the Commonwealth fails to object and the trial court addresses the issue in its Rule 1925(a) opinion. Commonwealth v. Roche, 153 A.3d 1063, 1072 (Pa. Super. 2017). In light of the foregoing, we are inclined to find Appellant's issues waived. See Hansley, 24 A.3d at 415 (finding Hansley's claim that "[t]he evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that [Hansley] was guilty of [r]obbery[,]" waived for lack of specificity).

Regardless, even if Appellant did not waive his sufficiency claims, he would still not be entitled to relief. Our standard of review in challenges to sufficiency of the evidence is to determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined

circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

Commonwealth v. Gonzalez, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted). Appellant's sufficiency challenges rest upon a similar premise; so we shall address them together. The crux of Appellant's argument is that there was testimony presented that K.B. "could have passed out due to her use of Suboxone and dropped [] Child[,]" and therefore, the Commonwealth could not sustain its burden in proving Appellant guilty of EWOC and simple assault. Appellant's Brief at 9-10.

Here, while presented as two sufficiency claims, Appellant's argument on appeal is essentially challenging the weight of the evidence, asking this Court to reweigh the evidence presented at trial in his favor. This we will not do. Our case law is clear that the finder of fact is "in the best position to view the demeanor of the Commonwealth's witnesses and to assess each witness'[s] credibility." Commonwealth v. Olsen, 82 A.3d 1041, 1049 (Pa. Super. 2013) (citation omitted). Thus, it was within the province of the jury, as fact-finder, to believe K.B.'s testimony that Appellant choked her until she passed out while holding Child and discredit the testimony of Appellant's mother and sister and the insinuations made throughout trial that K.B. was on drugs at the time of the incident and was responsible for Child's injuries. See Commonwealth v. Miller, 172 A.3d 632, 642 (Pa. Super. 2017)

("Resolving contradictory testimony and questions of credibility are matters for the finder of fact.").

Moreover, in reviewing these issues as properly preserved sufficiency claims, we find the Commonwealth met its burden of proving each and every element of the crimes for which Appellant was convicted that he now challenges on appeal.[4] As aptly set forth by the trial court:

> Based on the testimony presented by the Commonwealth at trial, there was sufficient evidence for the jury to find that [Appellant] was guilty of [EWOC. Appellant] was the father of [Child]. The statute explicitly names parents as those having a duty to protect their children. [Child] was one year[] old–a child– when she suffered the injuries.
>
> [Appellant's] conduct clearly violated the statute. He was arguing with [K.B.] while she was holding [Child] in her arms. [K.B.] was still holding [Child] when [Appellant] wrapped his arm

---

4 As stated supra, on appeal, Appellant challenges his EWOC and simple assault convictions. Appellant's Brief at 4.

> [T]o support a conviction under the EWOC statute, the Commonwealth must establish each of the following elements: (1) the accused is aware of his/her duty to protect the child; (2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

Commonwealth v. Wallace, 817 A.2d 485, 490-91 (Pa. Super. 2002) (internal quotation marks omitted). "Pursuant to 18 Pa.C.S.[] § 2701, '[a] person is guilty of [simple] assault if he: (1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another.' 18 Pa.C.S.[] § 2301 defines 'bodily injury' as '[i]mpairment of physical condition or substantial pain.'" Commonwealth v. Klein, 795 A.2d 424, 428 (Pa. Super. 2002).

around [K.B.'s] neck and began to choke her, causing [K.B.] to pass out. As a natural result of [K.B.] passing out, [Child] fell onto a hardwood floor and suffered injuries to her head and shoulder. [Appellant's] conduct violated his duty to care for, protect, and support his daughter.[5]

\* \* \*

In addition to the evidence already discussed, the Commonwealth also established that [Appellant] committed simple assault on [K.B.] by the following testimony. [K.B.] testified that as a result of being choked by [Appellant] and falling, she suffered brush burns on her left wrist and on her arm. [K.B.] was also bleeding. Additionally, Corporal Ulintz testified that when he was at the scene, he saw that [K.B.] suffered from "cuts or brush burns to both hands and wrists, causing them minor bleeding."

By putting his arm around [K.B.'s] neck and squeezing, [Appellant] caused her to pass out, fall to the hardwood floor,

---

[5] In his brief, Appellant specifically mentions the "'knowingly part of the [EWOC] statute," arguing that the Commonwealth "failed to demonstrate that Appellant was aware that [C]hild was in circumstances which could threaten the child's physical welfare." Appellant's Brief at 8. With respect to this argument, we note that "[t]he 'knowing' element of the crime applies to the general issue of whether the defendant knew that he was endangering the child's welfare, not whether the defendant knew that he would cause any particular result." Commonwealth v. Smith, 956 A.2d 1029, 1038 (Pa. Super. 2008). In Smith, this Court found that

[i]t takes nothing more than common sense for an adult, let alone an experienced father such as [Smith] to know that violently shaking an infant child with enough force to cause an abusive head trauma could threaten the child's physical and/or psychological welfare. Thus, there was sufficient evidence to support the jury's decision that Appellant knowingly violated a duty of care, protection or support.

Id. at 1038-39 (2008) (footnote omitted). Similarly, we find Appellant's actions towards K.B., while Child was in her arms, sufficient- to support the jury's determination that Appellant knowingly violated his duty of care, protection or support.

and suffer injuries. Because this happened after an argument, it can be inferred that [Appellant] did this intentionally, out of anger. Further, [Appellant] told [K.B.] he was sorry after it happened.

Trial Court Opinion, 11/5/2018, at 7-9 (citations omitted). In light of the foregoing, Appellant's sufficiency claims fail.

Accordingly, after a review of the briefs, record, and applicable case law, we are not persuaded that Appellant's issues warrant relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/21/2019