J-S01035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                         :          PENNSYLVANIA
                                                     :

            v.                               :

KEITH ALLEN ESTEP                 :
                                                  :
             Appellant           :     No. 291 MDA 2024

Appeal from the Judgment of Sentence Entered January 25, 2024
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000612-2022

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: FEBRUARY 20, 2025**

Appellant, Keith Allen Estep, appeals from the judgment of sentence entered in the Columbia County Court of Common Pleas on January 25, 2024. After review, we affirm.

The relevant facts as summarized by the trial court are as follows:

> The evidence showed that the Defendant had an argument in a bar with a group of people, including Leoma Bankes (the Defendant's primary opponent in the argument) and Ms. Bankes's boyfriend, Giles Simmons, the Victim in this case. The argument spilled out into the parking lot, after which the Defendant got into his Chevrolet Corvette and pulled quickly and at an unsafe speed into a lane within the parking lot. The Defendant operated his Corvette directly into the Victim, Mr. Simmons, flipped him up over the hood of the Corvette and onto the parking lot surface. The Defendant then sped away. This parking lot incident was shown in detail on a video clip entered into evidence at Ex. C-1.

_____

[*] Former Justice specially assigned to the Superior Court.

Giles Simmons, the Victim, testified for the Commonwealth. He testified that he had been "knocked out" by the collision. An ambulance took him to the hospital. He testified that he was in severe pain. Skin had been ripped off of his back. He also testified that he suffered a brain injury. His speech at trial was noticeably halting. He stated that his thought processes are not as clear and that he "can't think right." Mr. Simmons did not suffer from these ailments prior to the incident and they arose directly after the incident[.] . . .

Leoma Bankes confirmed that Mr. Simmons was unconscious, confused, bleeding and "out of it" after the collision. She testified that his shoulder looked like "meat."

Officer Christopher Kelchner testified that, when he arrived on scene, Mr. Simmons was bleeding and had "visible injuries." Officer Kelchner authenticated several photographs of Mr. Simmons' injuries showing a deep scalp laceration (Exs. C-2 and C-3), back and shoulder injuries, including "road rash" (Exs. C-4, C-5, C-6 and C7) and injuries to Mr. Simmons' elbow (Exs. C-8 and C-9).

Tr. Ct. Op. at 1-2.

Appellant was convicted after a jury trial on November 22, 2023, of Accidents Involving Death or Personal Injury.[1] On January 25, 2024, Appellant was sentenced to serve a term of eight days to twenty-three months in the county jail. Appellant filed a timely notice of appeal on February 26, 2024. He filed a concise statement pursuant to Pa.R.A.P. 1925(b) on April 8, 2024.[2] The trial court filed its Rule 1925(a) opinion on April 10, 2024. This appeal follows.

Appellant raises one issue for our review:

I.    WHETHER THE EVIDENCE WAS SUFFICIENT TO PROVE "INJURY . . . OF ANY PERSON" IN ORDER TO CONVICT THE

---

[1] 75 Pa.C.S.A. § 3742(a).

[2] Incorrectly dated April 24, 2024.

- 2 -

APPELLANT OF ACCIDENTS INVOLVING DEATH OR PERSONAL INJURY, 75 PA.C.S. § 3742(A)?

Appellant's Br. at 7.

We begin with our standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa. Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa. Super. 2003)).

The Accidents Involving Death or Personal Injury statute states in relevant part as follows:

The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3742(a).

In ***Commonwealth v. Gonzalez***, 472 A.2d 1389 (Pa. Super. 1984), the defendant was convicted under section 3742(a) after causing a car accident and failing to stop. ***Id.*** at 1390. The defendant claimed that the Commonwealth failed to establish the "injury" element because he alleged that the victim's condition was not attributable to the accident, but rather due to a pre-existing physical condition. ***Id.*** at 1391. Recognizing that the term "injury" is not defined in the statute, this Court established a broad, "common sense" definition, stating as follows:

> Since the legislature did not provide a comprehensive definition of "injury" when it enacted § 3742, it is the opinion of this Court that a "common sense" application of the term be utilized, which carries out the legislative intent and purpose of § 3742. . . .
>
> Black's Law Dictionary broadly defines "injury" as: "[a]ny wrong or damage done to another, either in his person, rights, reputation, or property." The term "personal injury" is defined as: "[i]n a narrow sense, a hurt or damage done to a man's *person*, such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property or reputation."
>
> In light of the purpose and intent of § 3742, it is the opinion of this Court that the term "injury" should be broadly defined. Applying a narrow construction of this term would otherwise enable hit-and-run drivers to use a legal technicality as a means of evading their responsibility under § 3742. This result would clearly defeat the purpose and intent of § 3742.

***Gonzalez***, 472 A.2d at 1391 (internal citations omitted).

At trial in ***Gonzalez***, the Commonwealth offered evidence that the victim was seen by a doctor at the hospital who determined that the victim suffered from contusions to the lower back area and experienced severe pain.

X-rays were admitted showing that there were no broken bones. *Id*. The attending doctor testified that the victim had bruising to his entire right side that was of recent origin. The doctor further testified to the treatments and medications provided to the victim. *Id*. The Court concluded that the Commonwealth met its burden by presenting sufficient evidence that the victim suffered an "injury" under section 3742(a). *Id.* at 1392.

In ***Commonwealth v. Klein***, 795 A.2d 424, 428 (Pa. Super. 2002), an appellant was convicted under section 3742(a) after he drove his vehicle into a person, hitting him in the knees, throwing him over the hood of the car, and failing to stop and render aid. *Id.* at 427. The appellant argued that the term "injury" in section 3742(a) should be defined as "bodily injury" is defined in 18 Pa.C.S.A. § 2301.[3] *Id.* at 428-29. The ***Klein*** court declined to adopt a narrower definition of "injury" and held that the ***Gonzalez*** definition is controlling. *Id.* at 429. The victim testified that he suffered bruises, cuts, and pain to his knees, which the Court held was "sufficient to show that [the victim] suffered the type of injury intended by Section 3742." *Id*.

***Gonzalez*** also governs the instant case. Appellant concedes that ***Gonzalez*** adopted a broad definition of "injury," but contends that under ***Gonzalez***, the Commonwealth must offer some medical proof of the injury to satisfy its burden. Appellant's Br. at 11. We disagree. ***Gonzalez*** did not impose

_____

[3] "'Bodily injury.' —Impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

a requirement that expert testimony or medical evidence be admitted to prove "injury" under the statute.

In **Gonzalez**, there was a conflict in the evidence to be resolved by the trier of fact; the victim claimed that the injury was attributable to the accident, while the defendant claimed the condition was due to a pre-existing physical condition. There, medical evidence was relevant and probative for the jury to determine the question of causation. Here, it is undisputed that Mr. Simmons did not suffer from his ailments prior to the incident, and that they arose directly after the incident. Because there was no suggestion that a pre-existing condition caused any of Mr. Simmons' injuries, the jury did not need expert testimony to conclude that the injuries were caused by the collision with Appellant's vehicle.

Moreover, in **Klein**, there was no expert testimony or medical records/photographs admitted. The only evidence the Commonwealth presented of the victim's injuries was his testimony, which we held was sufficient to prove "injury" under section 3742(a)'s broad definition established by **Gonzalez**. The Court in **Gonzalez** opined that a "common sense" application of the term should be utilized. Our courts do not require expert testimony or medical evidence for factual determinations where a "common sense" approach is applicable. **See Commonwealth v. Hopkins**, 231 A.3d 855, 874 (Pa. Super. 2020) (scientific methodology was needed to determine the timing of when sperm was deposited at a crime scene; "[i]f

common sense alone were permissible, no need would exist for expert testimony; a lay witness could testify instead"); ***Ovitsky v. Capital City Economic Development Corp.***, 846 A.2d 124, 126 (Pa. Super. 2004) (no expert testimony needed where jury tasked with determining whether inn's security measures were reasonable; staying in hotels is common and jury can use common sense notions of safety and security); ***In re Mampe***, 932 A.2d 954, 962 (Pa. Super. 2007) (stating "[o]ur Rules of Evidence, and the rules of common sense, dictate that medical testimony is not required to establish the veracity of every illness or injury").

We conclude that the Commonwealth presented sufficient evidence to prove "injury" under section 3742(a). Mr. Simmons testified to the nature of his injuries. He described his pain as "severe" and described large abrasions and a head laceration that he suffered from being flown onto the hood of Appellant's car and onto the parking lot pavement. Leoma Bankes confirmed that Mr. Simmons was unconscious and bleeding after the collision. She described how his skin was torn from his shoulder. Officer Kelchner testified to his observations of the injuries and authenticated photographs of Mr. Simmons after he was transported to the hospital by ambulance, so the jury was able to view the injuries. Common sense dictates that Mr. Simmons suffered the types of injuries intended by section 3742(a).

After viewing the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, there was sufficient evidence to

enable the jury to find every element of the crime beyond a reasonable doubt.

Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/20/2025