J-A11007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER M. MCGRAW | : | |
| | : | |
| Appellant | : | No. 621 MDA 2018 |

Appeal from the Judgment of Sentence January 10, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003067-2017

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.: **FILED JULY 18, 2019**

Christopher M. McGraw appeals from the judgment of sentence of twelve months of probation following his convictions for recklessly endangering another person ("REAP") and reckless driving. We affirm.

The pertinent facts underlying Appellant's convictions were summarized by the trial court as follows:

> On or about March 9, 2017, Officer Jacobi Harper (hereinafter "Officer Harper") of the Harrisburg Bureau of Police responded to a call in the 1200 block of Swatara Street of an individual waving around a firearm, and possibly driving a blue and gray pickup truck. Officer Harper was in full uniform and operating a marked police vehicle by himself. Upon arrival, Officer Harper noted that the street was empty and began looking for a blue and gray pickup truck. He located a pickup truck matching the reported description on Swatara Street between Evergreen and 13th Streets. There was no one inside the vehicle, and upon checking the registration Officer Harper learned that the vehicle was owned by [Appellant].

Thereafter, Officer Harper activated the rear emergency lights on his marked patrol vehicle and parked it in the middle of Swatara Street to continue searching for an individual with a gun or any potential victims.[4] Using a flashlight, Officer Harper directed traffic travelling east on Swatara Street northbound on Evergreen Street. At some point while Officer Harper [was] directing traffic, a tan-colored Chevrolet Malibu pulled up to the blocked intersection. Officer Harper directed the vehicle northbound on Evergreen Street by shining his flashlight on the roadway in the direction he wished the vehicle to travel. The vehicle did not follow his commands, therefore, Officer Harper activated the strobe function on his flashlight in case the vehicle could not see him. Upon activating the strobe function, the vehicle suddenly accelerated quickly, with the front of the car lifting up a little bit, toward Officer Harper. Officer Harper had to sprint and jump off the roadway to avoid being hit by the vehicle. He estimated that the vehicle accelerated to thirty (30) to thirty-five (35) miles per hour in approximately fifteen (15) to twenty (20) yards. He yelled for the vehicle to stop, the driver eventually slammed on the brakes and the vehicle came to a stop where Officer Harper had previously been standing. The vehicle was approximately five (5) feet from striking the marked patrol vehicle.

_____

[4] Swatara Street is a one-way street heading east, therefore, he blocked the entire street from vehicle access

Once the vehicle came to a stop, Officer Harper went to speak with the driver whom he immediately believed to be intoxicated. The driver's eyes were glazed over, he "had that glossy look when you've had too much alcohol" and his speech was slurred. Officer Harper asked for him to produce his driver's license, registration, and insurance, also asked why he drove the vehicle at him. The driver did not respond and became argumentative and began yelling; therefore, Officer Harper asked him to step out of the vehicle. Officer Harper had to help the driver stand up to get out of the vehicle. After obtaining his driver's license, the driver was identified as [Appellant]. At that point, Officer Harper believed [Appellant] to be too intoxicated to perform field sobriety tests and placed him under arrest. The owner of the vehicle was subsequently identified as [Appellant's] girlfriend, who eventually arrived on scene. She was not intoxicated, therefore, Officer Harper allowed her to drive the vehicle from the scene.

Trial Court Opinion, 11/15/18, at 3-4.

The Commonwealth charged Appellant with REAP, driving under the influence (DUI) – general impairment, and a summary offense of reckless driving. Appellant proceeded to a jury trial, and on January 9, 2018, the jury found Appellant guilty of REAP, but acquitted him of DUI. The court found him guilty of reckless driving. The trial court imposed a sentence of twelve months of probation.

Appellant filed a timely post-sentence motion, challenging his sentence and the weight of the evidence. The motion was denied and Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a statement in lieu of Pa.R.A.P. 1925(a) opinion, due to Appellant's failure to request a transcript of the proceedings. Appellant subsequently filed a request for the trial transcript and this Court remanded the matter for the preparation of a Pa.R.A.P. 1925(a) opinion. The trial court filed its opinion and new appellate briefs were submitted by both parties.

Appellant presents the following issues for our review, which we have reorganized for ease of disposition:

I.    Did the Commonwealth lack sufficient evidence to convict Appellant of [REAP] where the Commonwealth failed to prove that Appellant acted recklessly and placed Officer Harper in risk of serious bodily harm or death?

II.   Was the verdict so far against the weight of the evidence as to shock one's sense of justice where the jury convicted Appellant of [REAP]?

Appellant' brief at 5.

In his first claim, Appellant challenges the sufficiency of the evidence supporting his convictions. Our standard of review when considering a challenge to the sufficiency of the evidence is:

> [w]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa.Super. 2017) (citations and quotation marks omitted).

Appellant alleges that the evidence at trial was insufficient to prove that he committed REAP. "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. The *mens rea* for the crime of recklessly endangering another person is a "conscious disregard of a known risk of death or great bodily injury to another person."

- 4 -

***Commonwealth v. Fabian***, 60 A.3d 146, 155 (Pa.Super. 2013) (citing

***Commonwealth v. Klein***, 795 A.2d 424, 428 (Pa.Super. 2002)).

On appeal, Appellant does not challenge the sufficiency of the Commonwealth's evidence to establish that Officer Harper was placed in danger. Rather, Appellant contends that the Commonwealth failed to prove that he was aware that by proceeding towards Officer Harper that he was disregarding a substantial risk. Appellant's brief at 13. Appellant argues that the Commonwealth did not sufficiently show that his actions were a gross deviation from the standard of care that a reasonable person would exercise under the circumstances, because he was driving through a high crime area at night while his vehicle was suffering from mechanical issues. *Id*. at 13-15.

The trial court found that the Commonwealth established the requisite *mens rea*:

> Regardless of Appellant's assertion that the vehicle he was driving had a mechanical defect, he should have seen the police vehicle with emergency lights activated blocking the roadway, as well as Officer Harper directing traffic. Additionally, Officer Harper testified that there were multiple cars travelling on Swatara Street that he had directed northbound on Evergreen Street. Therefore, Appellant should have been aware that the flow of traffic was being diverted. Accordingly, the Commonwealth presented sufficient evidence to support Appellant's conviction for recklessly endangering another person.

Trial Court Opinion, 11/15/18, at 9.

Our review of the record supports the trial court's conclusion. Officer Harper testified that he had temporarily blocked traffic on Swatara Street in order to investigate a 911 call. He was in uniform and had his rear emergency

lights illuminated on his patrol vehicle so that there was "no mistaking them as police lights." N.T. Trial, 1/9/18, at 51. Additionally, he was utilizing a flashlight to help him redirect traffic. *Id*. at 51-52. Officer Harper had already rerouted multiple vehicles without incident, when Appellant approached the intersection. *Id*. at 52-53. Appellant did not immediately respond to Officer Harper's commands, so the officer turned on the "very bright" strobe function on his flashlight. *Id*. at 54. With this change, Appellant immediately accelerated towards Officer Harper at approximately thirty to thirty-five miles per hour, despite repeated oral commands for Appellant to stop. *Id*. at 55-57, 59. Ultimately, Officer Harper was forced to jump and sprint off the roadway in order to avoid suffering a serious bodily injury. *Id*. at 55. Officer Harper explained that he has seen people that were hit by cars get skull fractures, compound factures, and lose limbs. *Id*. at 62.

We find that the foregoing testimony, viewed in a light most favorable to the Commonwealth, could reasonably lead a jury to find that Appellant drove his vehicle at a high speed directly at a police officer, consciously disregarding a substantial risk that his actions would cause serious bodily

injury.[1]   As a result, we find that the evidence was sufficient to convict Appellant of REAP.

Next, Appellant seeks a new trial on the ground that the verdict was against the weight of the evidence, *i.e.*, that the greater weight of the evidence proved that Officer Harper was never in risk of serious bodily harm. Appellant's brief at 16.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:  Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.  One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted).

---

[1] In his brief, Appellant concedes that he saw Officer Harper, but attempts to justify his actions by explaining that he thought that Officer Harper was signaling the presence of a hazardous pothole.  Appellant's brief at 12.  With this argument, Appellant is asking us to credit his testimony, instead of viewing the evidence in the light most favorable to the Commonwealth.  This we cannot do.  *See Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (finding that we must view the evidence in the light most favorable to the verdict winner when reviewing a sufficiency challenge).

Appellant attacks the credibility of Officer Harper's testimony that Appellant was traveling at approximately thirty to thirty-five miles per hour. Appellant argues that it was not possible for his vehicle to travel that fast over such a short distance and, if he had in fact travelled that fast, Officer Harper would not have been able to "safely move off of the roadway, gain his composure and completely turn around to identify and observe the vehicle," without suffering any injury. Appellant's brief at 17.

Appellant did not persuade the trial court that the jury gave improper weight to the "impossible" testimony of Officer Harper. The trial court, in denying Appellant's claim, explained that

> the weight of the evidence supports the jury's verdict for [REAP]. As cited at length above, the evidence demonstrates that Appellant recklessly engaged in conduct that placed Officer Harper in danger of serious bodily injury. The jury heard testimony from both Officer Harper and Appellant regarding the incident, and clearly found Officer Harper's testimony to be credible. If Officer Harper had not seen Appellant's vehicle accelerating toward him, he would have been struck head-on at approximately thirty (30) to thirty-five (35) miles an hour. An individual being hit by a vehicle at that speed would cause serious bodily injury. Therefore, this Court finds that the weight of the evidence supports the guilty verdict.

Trial Court Opinion, 11/15/18, at 10.

Our review of the record reveals no indication of bias or ill-will on the part of the trial court in its analysis. Thus, the trial court did not abuse is discretion by denying relief on Appellant's challenge to the weight of the evidence supporting his conviction for REAP. Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/18/2019