J-S09039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1598 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 27, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005472-2019

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED APRIL 12, 2024**

Steven Williams ("Williams") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his guilty plea to involuntary deviate sexual intercourse ("IDSI") with a child and unlawful contact with a minor.[1]  Because the trial court imposed an illegal sentence, we vacate Williams' judgment of sentence and remand this matter to the trial court for resentencing.

The record reflects that from the time the victim was in first or second grade until she was in seventh grade, Williams repeatedly subjected her to numerous acts of sexual abuse.  On May 30, 2019, Williams was arrested and charged with several sexual offenses.  On March 8, 2022, Williams entered an

---

[1]  18 Pa.C.S. §§ 3123(b), 6318(a)(1).

open guilty plea to IDSI with a child and unlawful contact with a minor, both graded as first-degree felonies. In exchange for his plea, his remaining charges were nolle prossed. On January 27, 2023, the trial court sentenced Williams to fifteen to thirty years in prison for his IDSI with a child conviction, followed by three years of probation. For his unlawful contact with a minor conviction, the trial court imposed a concurrent sentence of fifteen to thirty years in prison, followed by three years of probation.

On February 3, 2023, Williams filed a post-sentence motion seeking reconsideration of his sentence. The trial court denied Williams' post-sentence motion by operation of law. Williams timely appealed to this Court and now presents the following issues for review:

> 1. Whether the [trial] court erred and abused its discretion in sentencing the [Williams] in that it failed to properly consider all of the sentencing factors of 42 Pa.C.S.[] § 9721(b) or any mitigating evidence when it imposed the sentence in question?
>
> 2. Whether the [trial] court erred and abused its discretion in that it sentenced [Williams] in the aggravated range without considering mitigating factors and only considered the seriousness of the offense when it imposed the aggravated range sentence?
>
> 3. Whether the [trial] court erred and abused its discretion in sentencing [Williams] in that it failed to place its reasoning for the sentence, including its diversion from the sentencing guidelines, on the record?
>
> 4. Whether the [trial] court erred and abused its discretion in sentencing [Williams] in that it sentenced him outside of the guidelines and failed to state on the record his permissible range of sentence under the guidelines?

5.     Whether the [trial] court erred and abused its discretion in sentencing [Williams] in that it failed to state its reasons for the sentence on the record?

Williams' Brief at 6.

We note that all of Williams' claims challenge the discretionary aspects of his sentence.[2]  Our review of this matter, however, reveals that Williams' sentence is illegal.  **See Commonwealth v. Ramos**, 197 A.3d 766, 768 (Pa. Super. 2018) (stating that this Court may raise and review an illegal sentence claim sua sponte); **Commonwealth v. Derrickson**, 242 A.3d 667, 673 (Pa. Super. 2020) ("Because the legality of a sentence presents a pure question of law, our scope of review is plenary, and our standard of review is de novo."). (citation omitted).

Williams' unlawful contact with a minor conviction was graded as a first-degree felony, which has a maximum sentence of twenty years in prison.  18 Pa.C.S. §§ 1103(1), 6318(a)(1), (b)(1); **see also** N.T., 1/27/2023, at 7.  The trial court, however, sentenced Williams to a term of fifteen to thirty years in prison, plus three years of probation, for that charge.  **See** Order of Sentence, 1/27/2023.  This sentence exceeded the statutory maximum of twenty years

_____

[2]  "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." **Commonwealth v. Rivera**, --- A.3d ---, 2024 WL 1125467 (Pa. Super. 2024) (citation omitted).

and was therefore illegal.[3]  ***See Commonwealth v. Moore***, 247 A.3d 990, 993 (Pa. 2021) (explaining that a sentence that exceeds the statutory maximum is an illegal sentence); ***see also*** 18 Pa.C.S. § 1103(1).

"[W]here a case requires a correction of sentence, this [C]ourt has the option of either remanding for resentencing or amending the sentence directly." ***Commonwealth v. Klein***, 795 A.2d 424, 430 (Pa. Super. 2002) (quotation marks and citation omitted).  We could amend the sentence, as it appears the trial court sought to impose the maximum sentence for the unlawful contact with a minor and the overall sentence would remain the same.  However, because Williams' claims on appeal implicate the discretionary aspects of his sentence, and, based upon our decision here we need not address each individual claim, we vacate Williams' judgement of sentence and remand this matter to the trial court for resentencing to ensure compliance with all sentencing mandates.  In particular, upon resentencing, the trial court shall place on the record its reasons for the new sentence imposed pursuant to 42 Pa.C.S. § 9721(b).[4]

---

[3]  We note that the maximum sentence for IDSI with a child, which is also a first-degree felony, is forty years in prison.  18 Pa.C.S. § 3123(d)(1).  Thus, Williams' sentence of 15 to 30 years in prison, followed by three years of probation, for IDSI with a child is not illegal.  ***See id.***

[4]  Both the trial court and the Commonwealth claim that the trial court considered a pre-sentence investigation report ("PSI") in determining Williams' sentence.  ***See*** Trial Court Opinion, 10/6/2023, at 2; ***see also*** Commonwealth's Brief at 7.  The record, however, does not contain a PSI nor
*(Footnote Continued Next Page)*

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/12/2024

---

does the trial court indicate that it considered a PSI in the sentencing transcript.