J-A24014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISHA COLEMAN-REDD | : | |
| | : | |
| Appellant | : | No. 501 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 13, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009042-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED DECEMBER 01, 2022**

Appellant, Isha Coleman-Redd, appeals from the judgment of sentence of an aggregate term of 18 months' probation, imposed after she was convicted of one count each of simple assault (18 Pa.C.S. § 2701(a)) and disarming a law enforcement officer (18 Pa.C.S. § 5104.1(a)). Counsel seeks permission to withdraw from further representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Upon review, we find that counsel's ***Anders*** brief satisfies the requirements set forth in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court provided the following statement of facts and procedural history in its Pa.R.A.P. 1925(a) opinion:

Statement of Facts

On December 18, 2018, Appellant approached a Philadelphia police officer while he was on patrol outside a bar, punched him multiple times, [and] then grabbed and pulled on his gun while it was holstered. Appellant was charged with aggravated assault [(18 Pa.C.S. § 2702(a))], disarming [a] law enforcement officer [(18 Pa.C.S. § 5104.1(a))], simple assault [(18 Pa.C.S. § 2701(a))], recklessly endangering another person [(18 Pa.C.S. § 2705)], and disorderly conduct [(18 Pa.C.S. § 5503(a)(1))]. Appellant knowingly and intentionally waived her right to a jury trial and proceeded to a waiver trial before this court on January 13, 2022. At trial, the Commonwealth presented one witness as part of their case-in-chief, Philadelphia Police Officer David Wright III. Appellant presented one character witness, Harold Mann. The trial evidence and testimony given at trial are summarized below.

### a. Philadelphia Police Officer David Wright III

The first and only witness for the Commonwealth was Philadelphia Police Officer David Wright III, who testified as follows. On December 8, 2018, at approximately 2:00 a.m., Officer Wright was on duty in full police uniform. He received a radio call for a disturbance near 2800 Ridge Avenue in Philadelphia after a bar in the area was closing for the night and responded to that location in a marked patrol vehicle. When he arrived, Officer Wright saw bar patrons exiting the establishment, but no fighting. Officer Wright parked his patrol vehicle off to the side of Ridge Avenue to establish a visible police presence in the area and deter violent incidents between existing bar patrons. Another law enforcement officer, Philadelphia Police Officer Biyibioku, was also present in the area.

Officer Wright was standing outside his patrol vehicle with Officer Biyibioku when Appellant ran up to them. Appellant then grabbed Officer Wright, pushed him, and punched him at least twice. Appellant first punched Officer Wright in the chest with a closed fist, then punched him in the throat with a closed fist. Appellant subsequently grabbed the handle of Officer Wright's gun while it was in Officer Wright's triple retention holster. Officer Wright felt his belt move after Appellant grabbed the gun and pulled it up in the holster. Officer Wright testified that Appellant yanked his weapon once or twice and that he heard an audible sound each time she did.

After Appellant grabbed Officer Wright's gun, he grabbed her hand to remove it from the weapon and wrestled her to the ground with

the help of Officer Biyibioku. Officer Wright kept Appellant in a controlled hold before placing her in custody and calling for a medic to have her evaluated and taken to a hospital, if necessary. Officer Wright testified that he had been a police officer for four years at the time of this incident and that this was the first time he had ever encountered an individual committing a random act of violence against police. Officer Wright explained that he called for a medic because he believed that Appellant's erratic behavior may have resulted from being under the influence of [phencyclidine ("PCP")]. After Appellant was taken by emergency medical technicians, she appeared calm and cooperative.

Officer Wright stated that he experienced a little pain after Appellant punched him in the throat, but that he did not suffer any injuries and that he did not seek any medical treatment. At the time of the incident, Officer Wright was wearing an active body camera. Footage from Officer Wright's body camera was played for the court depicting Appellant's actions on the night of December 8, 2018. Officer Wright described the footage as dark and difficult to see clearly, but he was able to identify portions where Appellant grabbed his gun and flailed her arms as she punched him.

### b. Harold Mann

Appellant's first and only character witness was Harold Mann, who testified as follows. Mr. Mann stated that Appellant was a friend of his who he had known for eight (8) years. He testified that she had a reputation for being a peaceful person and added that she was a good person with a good heart. Mr. Mann explained that he based Appellant's reputation off his perspective as her friend. Finally, Mr. Mann confirmed that he had been convicted in 2007 for robbery, a crime of dishonesty.

### Procedural History

On January 13, 2022, after hearing all testimony and closing arguments from the Commonwealth and Appellant's counsel, Scott Gessner, Esquire, this court found Appellant guilty of disarming law enforcement and simple assault. This court also sentenced Appellant during the same hearing after she waived the presentence investigation and mental health reports. Based on Appellant's prior record score of zero (0), the sentencing guidelines recommended this court impose restorative sanctions to nine (9) months of confinement for the disarming law enforcement conviction, and restorative sanctions to three (3)

months of confinement for the simple assault conviction. Appellant's counsel argued for the imposition of a sentence of reporting probations. The Commonwealth indicated that based on other recent contacts with the criminal justice system for similar types of behavior, Appellant may need mental health treatment.

After considering the sentencing guidelines, the facts and circumstances of Appellant's case, and arguments from counsel, this court sentenced Appellant to eighteen (18) months of reporting probation on the disarming law enforcement conviction, as well as a concurrent eighteen (18) months of reporting probation on the simple assault conviction. This court also ordered that the probation department evaluate Appellant to determine if there was any need for drug and alcohol treatment or mental health counseling. Finally, this court ordered that if Appellant successfully served the first twelve (12) months of her reporting probation, she may be placed on non-reporting probation for the remainder of her sentence.

Trial Court Opinion ("TCO"), 4/21/22, at 1-5 (unnecessary capitalization, citations to record, and footnotes omitted).

On February 10, 2022, Appellant filed a timely notice of appeal from the judgment of sentence imposed by the trial court. On February 14, 2022, the trial court directed Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On March 7, 2022, in lieu of filing a Rule 1925(b) statement, Appellant's counsel filed a statement of his intention to file an *Anders* brief, pursuant to Rule 1925(c)(4). The trial court filed its Rule 1925(a) opinion on April 21, 2022.

Appellant now presents the following issues for our review, via counsel's *Anders* brief: (1) Whether the evidence is sufficient to support Appellant's convictions?; and (2) Whether Appellant's sentence is unlawful? *See Anders* Brief at 3.

- 4 -

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> > (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the [appellant] and advise the [appellant] of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.
>
> **Commonwealth v. Miller**, 715 A.2d 1203 (Pa. Super. 1998) (citation omitted).

**Rojas**, 874 A.2d at 639. Appellant's counsel has complied with these requirements. Counsel petitioned for leave to withdraw and filed a brief satisfying the requirements of **Anders**, as discussed, *infra*. Counsel also provided a copy of the brief to Appellant and submitted proof that he advised Appellant of his right to retain new counsel, to proceed *pro se*, and/or to raise new points not addressed in the **Anders** brief.

Our Supreme Court has held, in addition, that counsel must explain the reasons underlying his assessment of Appellant's case and his conclusion that

the claims are frivolous. Thus, counsel's **Anders** brief must satisfy the following criteria before we may consider the merits of the underlying appeal:

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Upon review of the **Anders** brief submitted by Appellant's counsel, we find it complies with the technical requirements of **Santiago**. Counsel's **Anders** brief (1) provides a summary of the procedural history and facts of this case; (2) directs our attention, when applicable, to the portions of the record that ostensibly support Appellant's claims of error; (3) concludes that Appellant's claims are frivolous; and (4) does so by citation to the record and appropriate/applicable legal authorities. Thus, we now examine whether Appellant's claims are, indeed, frivolous. We also must "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

First, we review Appellant's claim regarding the sufficiency of the evidence to support her convictions and, in doing so, we are guided by the following principles:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. McClelland*, 204 A.3d 436, 441 (Pa. Super. 2019) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)).

Here, Appellant was convicted of simple assault and disarming a law enforcement officer. A person is guilty of simple assault if he or she "attempts to cause or intentionally, knowingly[,] or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). Moreover, we note:

> The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.
>
> To show an "attempt" to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury. A person acts intentionally with respect to a material element of an offense if it is his conscious object to engage in conduct of that nature or to cause such a result.

*Commonwealth v. Klein*, 795 A.2d 424, 428 (Pa. Super. 2002) (internal citations, brackets, and quotation marks omitted).

A person commits the offense of disarming a law enforcement officer if he or she "without lawful authorization, removes or attempts to remove a firearm, rifle, shotgun or weapon from the person of a law enforcement officer … when the officer is acting within the scope of the officer's duties[] and … has reasonable cause to know or knows that the individual is a law enforcement officer…."  18 Pa.C.S. § 5104.1(a).

In support of Appellant's convictions, the trial court opined:

> Based on the credible testimony given by Philadelphia Police Officer David Wright III and the corroborating body camera footage played at trial, this court determined that Appellant approached Officer Wright while he was standing beside his marked police patrol vehicle near a bar on Ridge Avenue in Philadelphia.  Appellant then struck Officer Wright in the chest and the throat with a closed fist, thereby committing the offense of simple assault by attempting to cause bodily injury to him. Appellant next grabbed the handle of Officer Wright's gun while it was holstered and pulled it multiple times, attempting to remove it from Officer Wright's person.  As Officer Wright was on duty in full uniform outside his marked patrol vehicle at the time, Appellant had reasonable cause to know that Officer Wright was a law enforcement officer.  The evidence was thus sufficient to establish that Appellant also committed the offense of disarming law enforcement.

TCO at 6.  Reviewing the record in a light most favorable to the Commonwealth as the verdict winner, we conclude the evidence sufficiently supports Appellant's convictions.

Next, we review Appellant's claim regarding the legality of her sentence. We begin by noting that a challenge to the legality of a sentence can never be

waived and may be raised by this Court *sua sponte*. ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted); ***see also Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) ("A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction."). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

The crime of disarming a law enforcement officer is graded as a felony of the third degree, and simple assault is graded as a misdemeanor of the second degree. Commonwealth's Brief at 8 (citing 18 Pa.C.S. §§ 5104.1, 2701). The maximum sentences for these crimes are 7 years' imprisonment and 2 years' imprisonment, respectively. ***Id.*** (citing 18 Pa.C.S. §§ 1103-1104). In this instance,

> [u]pon finding Appellant guilty, [the trial c]ourt sentenced Appellant to an aggregate term of eighteen (18) months of reporting probation, with the possibility for … Appellant to be placed on non-reporting probation if she successfully served the first twelve (12) months of her sentence. [The trial c]ourt also ordered that the probation department evaluate Appellant to determine if there was any need for drug and alcohol treatment

or mental health counseling. Appellant's sentence of restorative sanctions was squarely within the sentencing guidelines based on Appellant's prior record score of zero (0). Additionally, it was consistent with the gravity of Appellant's offenses and her rehabilitative needs.

TCO at 6-7. As Appellant's concurrent sentences are standard-range sentences that are well within the statutory maximums for each charge, we conclude that Appellant's sentence is not illegal.

Finally, our review of the record reveals no other potential, non-frivolous issues that Appellant could raise on appeal. As such, we agree with counsel that Appellant's appeal in this case is wholly frivolous. Accordingly, we grant counsel's motion to withdraw.

Judgment of sentence **affirmed**. Petition to withdraw **granted**.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/1/2022*

- 10 -